UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

XAVIER LAVELL KEVON ARTIS,
    Plaintiff,

vs.                                        Case No.: 1:22cv312/AW/ZCB

SERGEANT J. WALLACE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff was incarcerated when he filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1). He requested leave to proceed *in forma pauperis* (IFP), and the Court granted his request. (Docs. 2, 4). In accordance with the IFP statute, the Court required Plaintiff to make monthly payments toward the full filing fee as funds became available in his inmate account. (Doc. 4). According to the docket, the Court has received no payments from Plaintiff.

The case proceeded through discovery, and Defendants filed a motion for summary judgment. (Doc. 31). The Court directed Plaintiff to respond to the motion on or before April 26, 2024. (Doc. 32). He did

1

not do so. The Court subsequently learned that Plaintiff was released from the Florida Department of Corrections (FDOC) on May 30, 2024.[1]

Plaintiff's lack of response to Defendants' motion for summary judgment and his release from incarceration caused the Court to question two things. One, his desire to continue this litigation. And two, whether his allegation of poverty remained true, in light of the significant change in his circumstances. *See* 28 U.S.C. § 1915(e)(2)(A) (placing a continuing obligation on the court to ensure that a plaintiff's allegation of poverty remains true by requiring the court to dismiss a case at any time if the court determines that the allegation of poverty is untrue).

On June 18, 2024, the Court issued an order requiring Plaintiff to address those two issues. (Doc. 35). More specifically, the Court directed Plaintiff to notify the Court, on or before July 3, 2024, of his continued interest in pursuing this case. (Id.). The Court also required Plaintiff to file an updated IFP application by that deadline. (*Id.*). The Court notified Plaintiff that if he no longer desired to pursue this case, then he

---

[1] *See* Florida Department of Corrections, http://www.dc.state.fl.us/ (follow "Offender Search" hyperlink; then follow "Search All Corrections Offender Databases" hyperlink; then search "Last Name" and "First Name" fields for "Artis" and "Xavier"; then follow "Inmate Release Search Results" and "Supervised Population Information Search" hyperlinks).

2

should file a notice of voluntary dismissal. (*Id.*). And the Court expressly warned, "**Plaintiff's failure to comply with this order will result in a recommendation of dismissal of this case, without further notice, for failure to comply with an order of the Court**." (*Id.* at 4). Because Plaintiff had not notified the Court of his new address, the Court directed the Clerk of Court to send the order to Plaintiff at his record address and to the community corrections office providing his post-release supervision (at that time, the FDOC's inmate locator did not provide a release address).

The July 3, 2024 deadline came and went with no response from Plaintiff. The Court then found a release address for Plaintiff on the Department of Corrections' website and forwarded another copy of the June 28 order to that address. (Doc. 37). The Court extended the compliance deadline to July 29, 2024, and again expressly warned, "**Plaintiff's failure to comply with this order will result in a recommendation of dismissal of this case, without further notice, for failure to comply with an order of the Court**." (*Id.* at 2).

As of today's date, Plaintiff has not notified the Court of his continued interest in pursuing this case, nor has he filed an updated IFP

application. He also has not updated his address or otherwise communicated with the Court. Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance and his failure to keep the Court apprised of his current address. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *adopted by*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 1st day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.